UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ATAIN SPECIALTY INSURANCE COMPANY          CIVIL ACTION

VERSUS          NO. 12-1024

BAER CONSTRUCTION, LLC, ET AL.          SECTION "N" (5)

## ORDER AND REASONS

Presently before the Court is Plaintiff Atain Specialty Insurance Company's motion for summary judgment (Rec. Doc. 29). On the showing made, **IT IS ORDERED** that Atain's motion is **DENIED**.

## I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

1

**II. <u>Analysis</u>**

In support of its motion for summary judgment, Atain asserts the applicability of several exclusions in the commercial general insurance policy issued by it to defendants Baer Construction LLC and David Gregory Toal. An insurer bears the burden of proving that a loss falls within a policy exclusion,[1] however, and Atain has failed to satisfy that burden. Specifically, on the showing made, it is not apparent that certain claims asserted by Defendant Dat Tuan Luong do not fall within the "products-completed operations hazard" exception to the "Damage to Property" exclusion. *See* Policy, Rec. Doc. 29-5, pp. 16-17 and 26-27 of 62. The same is true regarding the "subcontractor" exception to the "Damage to Your Work" exclusion. *Id.* at pp. 17 and 27-28 of 62.

Additionally, although Atain cites to *Everett v. Philibert,* 13 So. 3d 616, 619-20 (La. Ct. App. 1st Cir. 5/8/09), the policy at issue in *Everett*, as noted by Judge Vance in *Travelers Casualty and Surety Company of America v. University Facilities, Inc.*, No. 10-162, 2012 WL 1198611, *10 (E.D. La. 4/10/12), contained a "breach of contract" exclusion. As in *Travelers*, Atain points to no such exclusion here. Atain does refer the Court to the policy's "contractual liability" exclusion. That exclusion, however, applies in instances where an insured is sued as a contractual indemnitor of third-party conduct. It is not applicable relative to the insured's own conduct. *See Stewart Interior Contractors, LLC v. MetalPro Industries, LLC*, 969 So. 2d 653, 662-63 (La. Ct. App. 4th Cir. 10/10/07); *see also* William S. McKenzie and H. Alston Johnson, III, INSURANCE LAW AND PRACTICE §6:12, 15 La. Civ. L. Treatise (4th ed.)

The *Travelers* decision also is instructive regarding the "impaired property" exclusion found in Atain's policy. *See* Policy, Rec. Doc. 29-5, pp. 17 and 27 of 62; *Travelers,* 2012 WL 1198611 at * 9 (excluding only damage to property that has not been physically injured, not physical

---

[1] *See Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.*, 958 So. 2d 634, 639 (La. 2007).

damage to property other than the insured's work or product after being put to its intended use). On the showing made, it likewise is not apparent to the Court that the entirety of Luong's claims are subject to that exclusion.

For the reasons stated herein, the Court finds that Atain has not demonstrated the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Accordingly, the relief that Atain seeks pursuant Rule 56 is denied.

New Orleans, Louisiana, this 17th day of December 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**